DI FIGLIA, J.,* Concurring.
I agree that the judgment must be reversed, but predicate that conclusion on different grounds.
The California Environmental Quality Act (CEQA) Guidelines (Cal. Code Regs., tit. 14, § 15070, subd. (b)(1)) provide that measures to mitigate *1608 potentially significant environmental effects are to be accomplished before the negative declaration is released for public review. Unfortunately, the City of Encinitas (City) deferred view considerations such as building height and siting and landscaping to the design stage. Reversal is required because City improperly approved the negative declaration while deferring mitigation in violation of section 15070, subdivision (b)(1). (See also Sundstrom v. County of Mendocino (1988) 202 Cal.App.3d 296, 306-307 [248 Cal.Rptr. 352]; Oro Fino Gold Mining Corp. v. County of El Dorado (1990) 225 Cal.App.3d 872, 880-881 [274 Cal.Rptr. 720].)
The majority eschews deciding this appeal on such a relatively narrow issue (see maj. opn., ante, fn. 4, p. 1605), and instead opts to abandon this court’s previous opinion in Uhler v. City of Encinitas (1991) 227 Cal.App.3d 795 [278 Cal.Rptr. 157] in favor of a standard of review “requiring a certain degree of independent review of the record.” (Maj. opn., ante, p. 1602.)
As noted by the majority, the California Supreme Court has held that CEQA mandates the preparation of an environmental impact report “whenever it can be fairly argued on the basis of substantial evidence that the project may have significant environmental impact.” (No Oil Inc. v. City of Los Angeles (1974) 13 Cal.3d 68, 75 [118 Cal.Rptr. 34, 529 P.2d 66].) I find nothing in this pronouncement to suggest that in an environmental case, an appellate court is free to engraft “a certain degree of independent review of the record” onto the substantial evidence standard.
I believe it is important to observe that Quail Botanical Gardens is hardly a wilderness area. Land uses surrounding the proposed project include both apartment houses and condominiums. Commercial development on Encinitas Boulevard is but a stone’s throw away. Furthermore, the property of Quail Botanical Gardens Foundation, Inc. (Quail) is not regarded as either a “Significant Viewshed” or “Vista Point” in the visual resources sensitivity map of the city’s general plan. The Coastal Commission has opined that Quail “has ... an undistinguished view of greenhouses and urban development.” The commission therefore removed Quail from its local coastal program “Visual Resources” element.
The administrative record in this case reveals that the proposed project was the subject of exhaustive, expensive and good faith environmental analysis. No fair argument can support Quail’s contention of inadequate toxic soil analysis, noise or the threat purportedly posed by predatory house pets to Quail’s fauna and flora. Indeed, save City’s improper deferral of view *1609 mitigation, Quail’s assignments of error do not only fail to support “a fair argument,” they are patently absurd. Had City imposed the selfsame view impact mitigation measures during the review process which it proposes be deferred to the design stage, the judgment would have to be affirmed.
If this court is inclined to abandon the standard of review articulated in Uhler v. City of Encinitias, supra, I would prefer that decision be based on stronger facts than those presented in this appeal.
A petition for a rehearing was denied November 29,1994, and the opinion was modified to read as printed above.

 Judge of the San Diego Superior Court sitting under assignment by the Chairperson of the Judicial Council.